IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Joseph F. Hoelscher and Carolyn M. Hoelscher, | § § § § | |
| *Plaintiff*, | § § | Civil Action No: |
| v. | § § | 5:22-cv-643-RBF |
| U.S. Bank Trust, N.A., | § § § | |
| *Defendant*. | | |

Plaintiff's Amended Reply to Defendant's First Amended Counterclaim

_____

Joseph F. Hoelscher and Carolyn M. Hoelscher, Plaintiffs in the above-styled and numbered cause, file this Amended Answer to Defendant U.S. Bank Trust, N.A.'s First Amended Counterclaim.

Answer

Introduction:   This paragraph does not require Plaintiffs to admit or deny any allegations. To the extent that it may, Plaintiffs deny the allegations in this paragraph.

Paragraph 1:   Plaintiffs lack the knowledge or information sufficient to form a belief about the truth as to who is the beneficiary of the Loan Agreement or to whom it was assigned.

|  |  |
|---|---|
|  | Further, Plaintiffs lack the knowledge or information sufficient to form a belief about the rights the purported assignee was assigned and whether or not they include the authority to enforce the loan agreement. |
| Paragraph 2: | Plaintiffs admit the factual assertions contained in Paragraph 2 of Defendant's counterclaim. |
| Paragraph 3: | Plaintiffs admit the factual assertions contained in Paragraph 3 of Defendant's counterclaim. |
| Paragraph 4: | Plaintiffs admit the factual assertions contained in Paragraph 4 of Defendant's counterclaim. |
| Paragraph 5: | Plaintiffs admit the factual assertions contained in Paragraph 5 of Defendant's counterclaim. |
| Paragraph 6: | To the extent that the allegations in Paragraph 6 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Plaintiffs deny the allegations to the extent they are inconsistent with that document. |

Paragraph 7:    Plaintiffs lack the knowledge or information sufficient to form a belief about the truth as to who is the beneficiary of the Loan Agreement or to whom it was assigned.

Paragraph 8:    Plaintiffs admit they were delinquent on and defaulted under the Note. Plaintiffs deny they are due for the May 1, 2019 payment. Plaintiffs deny that they were notified of the default or that demand was made upon them. Plaintiffs admit they have not made payment of the past due balance. Plaintiffs admit that the maturity date of the Note is accelerate and has been for many years.

Paragraph 9:    Plaintiffs admit that the subject loan is a Texas Home Equity Loan. Plaintiffs admit that the foreclosure was set for June 7, 2022. Plaintiffs admit that they filed suit prior to the foreclosure sale and that the foreclosure was stayed. Plaintiffs admit that U.S. Bank in its alleged capacity as the Mortgagee filed a counterclaim seeking foreclosure. Plaintiffs admit that the maturity date is accelerated and has been accelerated for more than four years.

Paragraph 10:  Plaintiffs lack the knowledge or information sufficient to form a belief about the truth as to who is the beneficiary of the Loan Agreement or to whom it was assigned. Further, Plaintiffs lack the knowledge or information sufficient to form a belief about the rights the purported assignee was assigned and whether or not they include the authority to enforce the loan agreement. Plaintiffs admit the remaining factual assertions contained in Paragraph 10 of Defendant's counterclaim.

Paragraph 11:  Plaintiffs admit that they are obligated to pay the loan amount as described in the Note and Deed of Trust. Plaintiffs deny that the mortgagee and mortgage servicer have performed completely under the terms of the Loan Agreement. Plaintiffs admit they breached the terms of the loan agreement by failing to tender payments in accordance with the payment schedule of the Loan Agreement. Plaintiffs admit that the loan is in default for failure to make payments according to the terms of the Note and Deed of Trust.

Paragraph 12:   Plaintiffs admit they breached the terms of the loan agreement by failing to tender payments in accordance with the payment schedule of the Loan Agreement. Plaintiffs deny that payments under the Loan Agreement are contractually due for the May 1, 2019 payment. Plaintiffs admit that Defendant seeks judgment for breach of contract.

Paragraph 13:   Plaintiffs lack the knowledge or information sufficient to form a belief about the truth as to who is the beneficiary of the Loan Agreement or to whom it was assigned. Plaintiffs deny that the mortgagee and mortgage servicer have performed completely under the terms of the Loan Agreement. Plaintiffs admit they breached the terms of the loan agreement by failing to tender payments in accordance with the payment schedule of the Loan Agreement. Plaintiffs deny that they were notified of the default or that demand was made upon them.

Paragraph 14:   Plaintiffs lack the knowledge or information sufficient to form a belief about the truth as to who is the beneficiary of the Loan Agreement or to whom it was assigned.

|  |  |
|---|---|
|  | Plaintiffs admit that Defendant seeks judgment to continue with non-judicial foreclosure. Plaintiffs admit that they are the obligors. |
| Paragraph 15: | Plaintiffs admit that Defendant asserts a cause for judicial foreclosure. Plaintiffs lack the knowledge or information sufficient to form a belief about the truth as to who is the beneficiary of the Loan Agreement or to whom it was assigned. Plaintiffs deny that the mortgagee and mortgage servicer have performed completely under the terms of the Loan Agreement. Plaintiffs admit they breached the terms of the loan agreement by failing to tender payments in accordance with the payment schedule of the Loan Agreement. Plaintiffs deny that they were notified of the default or that demand was made upon them. |
| Paragraph 16: | Plaintiffs deny that Defendants were forced to retain any particular counsel, or even to file a counterclaim. |
| Paragraph 17: | Plaintiff denies that all conditions precedent have been performed or that they have occurred. |
| Paragraph 18: | Plaintiffs admit that Defendant asserts a cause of action for equitable subrogation. The remainder of Paragraph 18 |

is a legal argument to which the extent inconsistent with the law, Plaintiffs deny.

Paragraph 19:   Plaintiffs admit the allegations in Paragraph 19.

Paragraph 20:   Paragraph 20 contains legal argument to which no response is required. To the extent that it is intermixed with factual assertions, Plaintiffs deny those factual assertions.

Paragraph 21:   To the extent that the allegations in Paragraph 21 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Plaintiffs deny the allegations to the extent they are inconsistent with that document.

Paragraph 22:   Plaintiffs deny they will be unjustly enriched no matter the outcome of this case. Plaintiff admits that Defendant seeks a declaratory relief.

Paragraph 23:   Plaintiffs admit they breached the terms of the loan agreement by failing to tender payments in accordance with the payment schedule of the Loan Agreement. Plaintiffs deny that Defendants are entitled to any kind of

|  |  |
|---|---|
|  | relief. To the extent that the allegations in Paragraph 23 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Plaintiffs deny the allegations to the extent they are inconsistent with that document. |
| Paragraph 24: | Plaintiffs deny that Defendants were forced to retain any particular counsel, or even to file a counterclaim. Plaintiff deny that Defendants are entitled to any relief in excess of the proceeds of sale of the home should a foreclosure sale occur. |
| Conclusion: | This paragraph does not require Plaintiffs to admit or deny any allegations. To the extent that it may, Plaintiffs deny the allegations in this paragraph. |

## Affirmative Defense

*Statute of Limitations*

1. This is not the first time that Plaintiffs have litigated their rights under the Loan Agreement. In 2011 they were in default and the note was accelerated.
2. In 2013 JMPC Specialty Mortgage, LLC sued Plaintiffs for

foreclosure under Tex. R. Civ. P. 736 in Cause No. 2013-CI-19588 JPMC Specialty Mortgage LLC vs Joseph F Hoelscher, et al. in the 150th District Court Bexar County, Texas.

3. Plaintiffs filed a separate suit 2014-CI-04349 Joseph F. Hoelscher. et al. vs JPMC Specialty Mortgage in the 407th District Court Bexar County, Texas. This case was removed to the United States District Court for the Western District of Texas in the San Antonio Division in Cause No 5:14-cv-00282-HLH.

4. A foreclosure must occur within four years of acceleration. Tex. Civ. Prac. & Rem. Code § 16.035. During the pendency of those cases, the note holder never rescinded, withdrew, or otherwise abandoned acceleration. Following the resolution of those cases the note holder never rescinded, withdrew, or otherwise abandoned acceleration. The note has been continuously accelerated since 2011.

5. Defendant's attempt to foreclose is outside the statute of limitations.

Prayer

For these reasons, Plaintiffs Joseph F. Hoelscher and Carolyn M. Hoelscher asks that the Court deny Defendant U.S. Bank Trust, N.A. all

relief requested, and grant Plaintiffs such other relief, at law and in equity, to which it may be justly entitled.

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, TX 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com